http://www.va.gov/vetapp16/Files6/1644926.txt

Citation Nr: 1644926 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 14-37 807 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Whether new and material evidence has been received in order to reopen a claim of entitlement to service connection for cause of the Veteran's death and, if so, whether service connection is warranted. 

REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services

ATTORNEY FOR THE BOARD

Tiffany Berry, Counsel

INTRODUCTION

The Veteran served on active duty from April 1948 to June 1972. He was the recipient of numerous awards and decorations, to include the Combat Infantry Badge. The Veteran died in June 2008 and the appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems, and has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The reopened claim of entitlement to service connection for the cause of the Veteran's death is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. In a final decision issued in October 2009, the RO denied the appellant's claim of entitlement to service connection for the cause of the Veteran's death.

2. Evidence added to the record since the final October 2009 denial is not cumulative or redundant of the evidence of record at the time of the decision and raises a reasonable possibility of substantiating the appellant's claim of entitlement to service connection for the cause of the Veteran's death.

CONCLUSIONS OF LAW

1. The October 2009 rating decision that denied the appellant's claim of entitlement to service connection for the cause of the Veteran's death is final. 38 U.S.C.A. 
§ 7105(c) (West 2002) [(West 2014)]; 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2009) [(2015)].

2. New and material evidence has been received to reopen the claim of entitlement to service connection for the cause of the Veteran's death. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The appellant contends that the Veteran's cause of death is related to his military service, to include his alleged exposure to herbicides therein, or his service-connected disabilities. 

As the Board's decision to reopen the appellant's claim of entitlement to service connection for the cause of the Veteran's death is completely favorable, no further action is required to comply with the Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations. However, consideration of the merits of the issue is deferred pending additional development consistent with the VCAA.

In order to establish service connection for the cause of the Veteran's death, the evidence must show that a disability incurred in or aggravated by active service was the principal or contributory cause of death. 38 C.F.R. § 3.312(a). In order to constitute the principal cause of death the service-connected disability must be one of the immediate or underlying causes of death, or be etiologically related to the cause of death. 38 C.F.R. § 3.312(b). A contributory cause of death is inherently one not related to the principal cause. 38 C.F.R. § 3.312(c)(1). In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. Id.

Rating actions are final and binding based on evidence on file at the time the claimant is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104(a). From the date of notification of an AOJ decision, the claimant has one year to initiate an appeal by filing a notice of disagreement with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C.A. § 7105(b) and (c); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.202, and 20.302(a). In this regard, if the claimant files a timely notice of disagreement with the decision and the AOJ issues a Statement of the Case, a Substantive Appeal must be filed within 60 days from the date that the AOJ mails the Statement of the Case to the appellant, or within the remainder of the 1-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later. 38 C.F.R. § 20.302(b).

If new and material evidence is received during an applicable appellate period following an AOJ decision (1 year for a rating decision and 60 days for a statement of the case) or prior to an appellate (Board) decision (if an appeal was timely filed), the new and material evidence will be considered as having been filed in connection with the claim that was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b). Thus, under 38 C.F.R. § 3.156(b), "VA must evaluate submissions received during the relevant [appeal] period and determine whether they contain new evidence relevant to a pending claim, whether or not the relevant submission might otherwise support a new claim." Bond v. Shinseki, 659 F.3d 1362, 1367-68 (Fed. Cir. 2011). "[N]ew and material evidence" under 38 C.F.R. § 3.156(b) has the same meaning as "new and material evidence" as defined in 38 C.F.R. § 3.156(a). See Young v. Shinseki, 22 Vet. App. 461, 468 (2011). VA is required to determine whether subsequently submitted materials constitute new and material evidence relating to an earlier claim, regardless of how VA characterizes that later submission of evidence. Beraud v. McDonald, 766 F.3d 1402, 1405 (Fed.Cir. 2014). If VA does not make the necessary determination, the underlying claim remains pending. Id.

At any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of the same section (which defines new and material evidence). 38 C.F.R. § 3.156(c). The regulation further identifies service records related to a claimed in-service event, injury, or disease as relevant service department records. 38 C.F.R. § 3.156(c)(1)(i). 

Generally, a claim which has been denied in an unappealed Board decision or an unappealed AOJ decision may not thereafter be reopened and allowed. 38 U.S.C.A. §§ 7104(b), 7105(c). The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The United States Court of Appeals for Veterans Claims (Court) has held that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after the Board has found that evidence is new and material. See Shade v. Shinseki, 24 Vet. App. 110 (2010). The Court further held that new evidence would raise a reasonable possibility of substantiating the claim if, when considered with the old evidence, it would at least trigger the Secretary's duty to assist by providing a medical opinion. Id.

For the purpose of establishing whether new and material evidence has been submitted, the credibility of the evidence is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

The record reflects that the appellant initially filed a claim for service connection for the cause of the Veteran's death in June 2008. Thereafter, such claim was denied in a November 2008 rating decision. Subsequently, the appellant submitted additional evidence and the claim was reconsidered in an October 2009 rating decision. 38 C.F.R. § 3.156(b). At such time, the AOJ considered the Veteran's service treatment and personnel records, post-service VA and private treatment records, death certificate, and a November 2008 opinion from Dr. Roman, the Veteran's private physician. The AOJ observed that the Veteran's death certificate indicated that he died from organic brain syndrome due to, or as a consequence of, multiple falls. The Board notes that he was service-connected for hypertension with arteriosclerotic heart disease and bilateral high frequency hearing loss during his lifetime. The AOJ determined that the Veteran's death was not incurred in or caused by his military service. In this regard, the AOJ noted that, in a November 2008 statement, Dr. Roman indicated that the Veteran's congestive heart failure may have possibly contributed to his death. However, it was determined that the Veteran's treatment records, to include those from St. Francis Hospital, did not confirm that his congestive heart failure contributed to his death. The AOJ further observed that the Veteran served in Korea; however, an association between service in Korea and exposure to Agent Orange had not been established by VA. Therefore, based on the foregoing, the AOJ denied service connection for the cause of the Veteran's death.

In October 2009, the appellant was advised of the decision and her appellate rights. However, no further communication regarding her claim of entitlement to service connection for the cause of the Veteran's death was received until April 2013, when VA received her application to reopen such claim. Furthermore, no evidence was received within one year of the October 2009 rating decision. Additionally, while the appellant submitted a service record reflecting the Veteran's orders to Korea in April 2013, such fact was previously of record as his service personnel records reflecting such service were on file at the time of the October 2009 rating decision. Therefore, 38 C.F.R. § 3.156(b) and (c) are inapplicable. Consequently, the October 2009 rating decision is final. 38 U.S.C.A. § 7105(c) (West 2002) [(West 2014)]; 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2009) [(2015)].

Evidence received since the October 2009 rating decision includes a March 2013 opinion from Dr. Roman in which he states that the Veteran's exposure to Agent Orange during the Korean War in 1969 could have possibly contributed to his death. Similarly, a January 2009 letter from Dr. Roman indicates that it was his opinion that the Veteran's death was as likely as not related to his exposure to Agency Orange while on active duty in Korea. With regard to the latter letter, the Board notes that such pre-dates the October 2009 rating decision; however, it was not considered at such time. Furthermore, since such time, VA has acknowledged presumptive exposure to herbicides for veterans who, during active military naval, or air service, served between April 1, 1968, and August 31, 1971, in a unit that, as determined by the Department of Defense, operated in or near the Korean DMZ in an area in which herbicides are known to have been applied during that period. 38 C.F.R. § 3.307(a)(6)(iv).

Based on the foregoing, the Board finds that new and material evidence has been received in order to reopen the appellant's claim of entitlement to service connection for the cause of the Veteran's death. In this regard, such newly received evidence suggests a possible nexus between the Veteran's death and his acknowledged military service in Korea. Therefore, it is neither cumulative nor redundant, and raises the possibility of substantiating the claim of service connection for the cause of the Veteran's death. See 38 C.F.R. § 3.156(a). Consequently, such claim is reopened.

ORDER

New and material evidence having been received, the claim of entitlement to service connection for the cause of the Veteran's death is reopened; the appeal is granted to this extent only.

REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the appellant's reopened claim so that she is afforded every possible consideration. 38 U.S.C.A. § 5103A ; 38 C.F.R. § 3.159.

As noted previously, the appellant contends that the Veteran's cause of death is related to his military service, to include his alleged exposure to herbicides therein, or his service-connected disabilities. The Veteran's death certificate indicated that he died from organic brain syndrome due to, or as a consequence of, multiple falls. Additionally, he was service-connected for hypertension with arteriosclerotic heart disease and bilateral high frequency hearing loss during his lifetime.

As an initial matter, the Board finds that a remand is necessary in order to attempt to verify the Veteran's alleged exposure to herbicides during service. In this regard, as noted previously, VA regulations acknowledge presumptive exposure to herbicides for veterans who, during active military naval, or air service, served between April 1, 1968, and August 31, 1971, in a unit that, as determined by the Department of Defense, operated in or near the Korean DMZ in an area in which herbicides are known to have been applied during that period. 38 C.F.R. 
§ 3.307(a)(6)(iv). The Veteran's service personnel records reflect that he served in Korea from April 1969 to April 1970. Specifically, he served as a Guard Commander with the 249th MP Det from April 1969 to February 1970 and as a Squad Leader MP with Co B, 728th MP Bn, from February 1970 to April 1970. Neither unit has been designated by the Department of Defense as one that operated in or near the Korean DMZ in an area in which herbicides were known to have been applied. See VA Adjudication Procedures Manual (M21-1), IV.ii.1.H.4.b. However, the M21-1 provides that a request should be sent to the U.S. Army and Joint Services Records Research Center (JSRRC) for verification of exposure to herbicides when a Veteran claims exposure in Korea, and the service was not between April 1, 1968, and August 31, 1971, or in a unit or entity listed in M21-1, IV.ii.1.H.4.b. In the instant case, the Veteran did serve in Korea during the specified time period, but not in one of the designated units. Therefore, a remand is necessary in order to attempt to verify his herbicide exposure with JRSSC.

Furthermore, the Board finds that a remand is necessary in order to obtain a medical opinion. In this regard, 38 U.S.C.A. § 5103A(a) requires VA to assist a claimant in obtaining a medical opinion or examination whenever such an opinion is "necessary to substantiate the claimant's claim" and only excuses VA from making reasonable efforts to provide such assistance, if requested, when "no reasonable possibility exists that such assistance would aid in substantiating the claim." Wood v. Peake, 520 F.3d 1345, 1348-49 (Fed. Cir. 2008); see also DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed. Cir. 2008). In the instant case, as noted previously, the Veteran was service-connected for hypertension with arteriosclerotic heart disease and, in a November 2008 statement, Dr. Roman opined that the Veteran's congestive heart failure may have possibly contributed to his death. While such opinion is speculative in nature, it does suggest that the Veteran's service-connected heart disease may have contributed to his death. Therefore, a medical opinion addressing such inquiry is necessary to decide the claim. Furthermore, if herbicide exposure is verified, an opinion addressing whether any principal or contributory cause of death is related to such exposure should be obtained.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should ask JSRRC to verify whether Veteran was exposed to herbicides during his service in Korea from April 1969 to April 1970. Specifically, he served as a Guard Commander with the 249th MP Det from April 1969 to February 1970 and as a Squad Leader MP with Co B, 728th MP Bn, from February 1970 to April 1970. Based on the JSRRC's response, the AOJ should render a formal finding as to whether the Veteran was exposed to an herbicide agent during service.

2. Thereafter, forward the record to an appropriate medical professional for an etiological opinion regarding the cause of the Veteran's death. The complete record and a copy of this Remand must be made available to the examiner. The examiner shall note in the examination report that the record and the Remand have been reviewed. Following a review of the record, the examiner should address the following inquiries:

(A) Is it at least as likely as not (50 percent probability or greater) that the Veteran's service-connected hypertension with arteriosclerotic heart disease was the principal (i.e., singularly or with some other condition, the immediate or underlying cause of death, or it was etiologically related to the immediate or underlying cause of death) or contributory cause of the Veteran's death (i.e., such disability contributed substantially or materially to the Veteran's death (i.e., that it combined to cause death or that it aided or lent assistance to the production of the death))? It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection.

In offering such opinion, please consider and address Dr. Roman's November 2008 statement that the Veteran's congestive heart failure may have possibly contributed to his death.

(B) If, and only if, the Veteran's exposure to herbicides has been verified by the AOJ, is it at least as likely as not that any principal or contributory cause of death (as defined in the preceding question) is related to such exposure? 

All opinions expressed must be accompanied by supporting rationale.

3. After completing the above actions, to include any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the appellant's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the appellant and her representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The appellant need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

____________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs