# United States Court of Appeals for the Federal Circuit

---

**LEONARD BERAUD,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7125

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-726, Judge Alan G. Lance, Sr.

---

Decided: September 12, 2014

---

AMY F. ODOM, National Veterans Legal Services Program, of Washington, DC, argued for claimant-appellant. With her on the brief were BARTON STICHMAN and LOUIS GEORGE. Of counsel on the brief was MARY K. HOEFER, Hoefer Law Firm, of Iowa City, Iowa.

ELIZABETH M. HOSFORD, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR.,

Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and AMANDA R. BLACKMON, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel.

————————————

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* O'MALLEY.

Dissenting opinion filed by *Circuit Judge* LOURIE.

O'MALLEY, *Circuit Judge*.

Leonard Beraud challenges a U.S. Court of Appeals for Veterans Claims ("Veterans Court") judgment affirming a Board of Veterans Appeals ("the Board") decision. That Board decision set the effective date for Beraud's service connected disability award at August 27, 2004. Beraud claims the effective date should be in 1985, when he first filed his disability claim. The Board found that Beraud's 1985 claim for service connection became final upon final denial of an identical claim in 1990. Because the Department of Veterans Affairs ("VA") failed to determine whether evidence Beraud timely submitted after the decision on the 1985 claim was new and material under 38 C.F.R. § 3.156(b) (2014), however, that initial claim remained pending, despite the subsequent final decision. We therefore reverse and remand for further proceedings consistent with this opinion.

BACKGROUND

Beraud served on active duty in the U.S. Navy from July 1974 to July 1977, and thereafter served in the naval reserves until May 1988.

On March 23, 1985, Beraud filed a claim with a VA Regional Office ("RO") for, *inter alia*, a headache disorder described as "headaches by forehead over right eye,"

allegedly resulting from head trauma while on active duty. J.A. 30, 113. On November 12, 1985, the RO sent Beraud a letter, informing him that it was having difficulty finding his service medical records and requesting that he identify his reserve units so that it could obtain records from them ("November 12 letter").

On November 29, 1985, before Beraud responded to the RO's request, the RO issued a rating decision denying his claim, explaining that, although the records before it documented complaints of headaches, those records showed no evidence of a chronic headache disorder. The RO informed him of the decision and of his appellate rights on December 9, 1985.

Although Beraud did not appeal this decision, on December 16, 1985, he responded to the RO's November 12 letter, indicating the location of his additional service medical records ("December 1985 letter"). The RO never responded to the letter.

On December 29, 1989, Beraud asked the RO to reopen his previously denied claim for headaches. The RO reopened the claim, but denied that claim on the merits on February 12, 1990, finding that Beraud did not incur the headache disorder, or aggravation thereof, during his period of service ("1990 Decision"). The RO did not refer to Beraud's December 1985 letter, nor did it mention the medical records that were the subject of the letter. Beraud did not appeal the 1990 Decision.

Beraud again asked the RO to reopen his claim in 1992 and 2002, but the RO denied both requests because it found that he had not submitted new and material evidence justifying a reopening.

On August 27, 2004, Beraud submitted to the RO an informal claim for disability compensation for the same headache disorder. In evaluating his claim, the VA considered a November 2004 VA medical opinion stating

that his headaches are attributable to a head injury he sustained during active duty in 1975. Based on this evidence, the RO granted Beraud service connection for migraine headaches in a December 2004 rating decision. The RO assigned him a fifty percent disability rating, effective August 27, 2004, the date Beraud submitted the informal claim.

Beraud appealed the December 2004 decision, asserting that the effective date for his award should have been the date he initially filed his claim for a headache disorder in 1985. In December 2010, the Board denied Beraud's appeal, finding that the decision on his initial claim in 1985 and the subsequent 1990 Decision denying the identical claim were final. The Board also noted that Beraud's claims in 1992 and 2002 were now final, and that the VA had received no other communication indicating an intent to apply for disability compensation for a headache disorder until August 2004. Therefore, the Board determined that Beraud could not obtain an effective date for his award earlier than August 27, 2004.

Beraud appealed to the Veterans Court, arguing that his initial claim was not final because the VA never determined whether the medical records Beraud referred to in his December 1985 letter constituted new and material evidence under 38 C.F.R. § 3.156(b). According to Beraud, that new evidence gave rise to a pending, unadjudicated claim. *See Beraud v. Shinseki*, 26 Vet. App. 313, 317–18 (2013).

Though the panel majority affirmed the Board decision, it first acknowledged that VA regulations and precedent make clear that a claim remains pending until the VA renders a final decision. *Id.* at 318. It also noted that, when the VA receives new and material evidence within the one-year appeal period after it issues a rating decision, it "must readjudicate the claim and failure to do so may render the claim pending and unadjudicated." *Id.*

Citing this court's holding in *Williams v. Peake*, 521 F.3d 1348, 1351 (Fed. Cir. 2008), however, the majority stated that a "subsequent final adjudication of a claim which is identical to a pending claim that has not been finally adjudicated terminates the pending status of the earlier claim." *Beraud*, 26 Vet. App. at 318–19. The majority thus concluded that, even if Beraud's initial claim remained pending because the VA had not made the required § 3.156(b) determination, the 1990 Decision nevertheless terminated the pendency of that claim. *Id.* at 320. In reaching this conclusion, the majority also presumed that, in making the 1990 Decision, the VA considered all relevant evidence, including the records Beraud referred to in his December 1985 letter. *Id.* at 320 n.4.

According to the dissent, however, because the VA never determined whether those medical records constituted new and material evidence under § 3.156(b), the initial claim remained pending despite the 1990 Decision. *Id.* at 322. The dissent argued that *Williams* is inapplicable because, here, a specific regulation—38 C.F.R. § 3.156(b)—"requires continued pendency of a claim, even where there is a subsequent final denial, if the evidence has not been considered by the adjudicating or appellate body." J.A. 17. Indeed, the dissent noted that the medical records which the RO said it needed in 1985 "appear to be yet unobtained." *Id.* at 322.

## DISCUSSION

This court reviews the Veterans Court's legal determinations de novo. *Rodriguez v. Peake*, 511 F.3d 1147, 1152 (Fed. Cir. 2008). Under 38 U.S.C. § 7292(d)(2) (2012), except to the extent that an appeal presents a constitutional issue, this court may not review a challenge to a factual determination or the application of law to fact.

In pertinent part, § 3.156(b) states that "[n]ew and material evidence received prior to the expiration of the

appeal period . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." A veteran generally has one year from the mailing date of the notice of a Board determination to appeal. 38 U.S.C. § 7105(b)(1) (2012).

This court held in *Bond v. Shinseki*, 659 F.3d 1362, 1367 (Fed. Cir. 2011), that § 3.156(b) requires the VA to "assess any evidence submitted during the relevant period and make a determination as to whether it constitutes new and material evidence relating to the old claim." Relying on this court's decision in *Bond*, Beraud asserts that, because the VA failed to determine whether the medical records Beraud identified in his December 1985 letter constituted new and material evidence under § 3.156(b), his initial claim remains pending despite the 1990 Decision.

The government responds that *Bond* is inapplicable here because it did not concern the effect of a subsequent final decision on a claim identical to a prior pending claim. Specifically, the government asserts that nothing in *Bond* stands for the proposition that the VA's failure to make a § 3.156(b) determination vitiates the finality of the 1990 Decision, which Beraud did not appeal. Instead, the government suggests that our earlier decision in *Williams* trumps *Bond*, and controls the outcome of this case. We disagree.

In *Bond*, the VA awarded a veteran service connection for posttraumatic stress disorder. 659 F.3d at 1363. Within one year of that award, the veteran requested an increased rating based on additional medical records he had obtained. *Id.* The VA regarded the later request as a new claim. *Id.* Thus, while the VA awarded the veteran a higher rating, it did so with an effective date that corresponded to his second claim. *Id.* at 1364–65. The veteran argued before the Veterans Court that the effective date should have been the date of his initial claim because the

decision thereon never became final, as the VA never determined whether the medical records he submitted were new and material under § 3.156(b). *Id.* The Veterans Court disagreed, finding that the VA did not need to make that determination because it treated his submission as a new claim, which then became final. *Id.* This court reversed, holding that § 3.156(b) requires the VA to determine whether subsequently submitted materials constituted new and material evidence relating to an earlier claim, regardless of how the VA characterizes that later submission of evidence. *Id.* at 1368. We reasoned that the VA's characterization of Bond's submission as a new claim did not "foreclose the possibility that [the submission] may have also contained new and material evidence pertaining to" the initial claim. *Id.*

In *Williams*, the VA denied a veteran's application for service connection for a nervous condition, but failed to notify the veteran of its decision. 521 F.3d at 1349. When the VA denied another claim that the veteran subsequently filed for the same disability, it did inform him of that decision. *Id.* The veteran did not appeal, but when he later petitioned to reopen the claim, the VA denied his request. *Id.* He appealed to the Board, which ruled in his favor and awarded him service connection effective as of the date he petitioned to reopen the claim, rather than the date of his original application. *Id.* The veteran appealed to the Veterans Court, asserting that the Board should have granted him the date of his initial claim as the effective date because the claim remained pending in light of the VA's failure to notify him of its decision thereon. *Id.* Both the Veterans Court and this court disagreed, reasoning that the VA's final decision denying his second claim terminated the pending status of his initial claim, and thus upheld the Board's decision. *Id.* at 1350–51.

*Williams* does not control the outcome here because it did not involve the submission of new evidence within the one-year appeal period or the VA's obligations under

§ 3.156(b).   The government cites various authorities supporting the proposition in *Williams* that a subsequent final adjudication on an identical claim terminates the pendency of a prior claim, but none involve the effect of such a subsequent decision on the VA's substantive duties under § 3.156(b).

In *Williams*, we concluded that a later final determination of which a veteran received notice could cure the VA's failure to provide notice of an earlier determination, thereby allowing the earlier claim to become final.   In reaching that conclusion, we expressly noted that no statute or regulation required a contrary conclusion.  521 F.3d at 1350.  We also reasoned that, because the veteran ultimately received the notice to which he claimed entitlement, the veteran understood how his claim was ultimately resolved, thereby lessening any prejudice to him.  Here, in contrast, the VA was under an express regulatory obligation to make a determination regarding the character of the new evidence Beraud submitted and has, to this day, not done so.  As we made clear in *Bond*, the VA's obligations under § 3.156(b) are not optional.  While the government effectively cured the notice problem in *Williams*, the VA has never made the determination its own regulations impose upon it here.  We cannot, as the government requests, simply allow the VA to skirt its regulatory obligations by revisiting a disability determination based, yet again, on an incomplete record.  To do so would strip § 3.156(b) of any significance.[1]  We decline to extend *Williams* to these circumstances.

---

[1]   The fact that Beraud could have appealed the 1990 Decision does not obviate this concern.   Nothing about the 1990 Decision cured the VA's failure to fulfill its obligations under § 3.156 and nothing in that decision informed Beraud that his missing service medical records were ever considered for any purpose.  Imposing such a

We also reject the government's assertion that the Veterans Court was correct to presume that the VA considered all relevant evidence, including the medical records Beraud identified in his December 1985 letter, when it made its 1990 Decision. Though such a general presumption applies where the record before the VA is complete and there is no statutory or regulatory obligation that would be thwarted by application of the presumption, in *Bond* we unambiguously rejected that pre-presumption in circumstances, like here, where there is no indication that the VA made its required determination under § 3.156(b). 659 F.3d at 1368. We did so in *Bond* in light of 38 U.S.C. § 7104(d)(1) (1996), which requires that the Board include in any decision a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 659 F.3d at 1368. To apply the presumption the government urges would "effectively insulate the VA's errors from review whenever it fails to fulfill an obligation, but leaves no firm trace of its dereliction in the record." *Id.* This is particularly true where the government asks us to indulge a presumption that the VA considered records it never obtained. We reaffirm that, under § 3.156(b), the VA must provide a determination that is directly responsive to the new submission and that, until it does so, the claim at issue remains open.

---

burden on the veteran solely to excuse the VA from fulfilling its obligations is particularly unjustified in light of this court's repeated acknowledgement of the "claimant-friendly [nature] of this adjudicatory system" that has been "established for veterans' benefits." *Sprinkle v. Shinseki*, 733 F.3d 1180, 1189 (Fed. Cir. 2013); *Bonner v. Nicholson*, 497 F.3d 1323, 1331 (Fed. Cir. 2007) (noting the "obligatory veteran-friendly position of the law governing veterans' claims").

The government asks this court to allow the VA to terminate a claim when it makes a subsequent adjudication *even if* it failed to fulfill its duty under § 3.156(b)—a duty the government concedes is not a substantial administrative burden on the VA.  Oral Arg. at 19:42–20:20, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013-7125.mp3    ("No,    [the § 3.156(b) determination] would not be an extreme burden on the VA.").   In light of *Bond* and the unambiguous obligations dictated by § 3.156(b), we decline to do so.

## CONCLUSION

Because the VA never determined whether the medical records Beraud referred to in his December 1985 letter constituted new and material evidence, as required by § 3.156(b), his 1985 claim remains pending.  We reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

# United States Court of Appeals
# for the Federal Circuit

---

**LEONARD BERAUD,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7125

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-726, Judge Alan G. Lance, Sr.

---

LOURIE, *Circuit Judge*, dissenting.

I respectfully dissent from the panel majority's decision to reverse the decision of the Veterans Court, which affirmed the decision of the Board that held that Beraud was not entitled to an effective date prior to August 27, 2004, for service connection for migraine headaches. *See Beraud v. Shinseki*, 26 Vet. App. 313 (2013). Because I believe that the Veterans Court did not err in its interpretation of our prior case law, I would affirm the decision of the Veterans Court.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We generally lack jurisdiction to review challenges to the Board's factual determinations or to any application of law to fact.

*See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991). Our jurisdiction in this case is limited to review of whether the Veterans Court properly interpreted this court's holdings in *Williams v. Peake*, 521 F.3d 1348 (Fed. Cir. 2008), and *Bond v. Shinseki*, 659 F.3d 1362, 1367 (Fed. Cir. 2011), in the context of 38 C.F.R. § 3.156(b). In my view, *Williams* is not undermined by *Bond*, and *Williams* should control in this case.

In *Williams*, we determined that an initial claim remained pending due to a lack of notice that the claim was disallowed, but we held that final adjudication of an identical second claim terminated the initial claim. 521 F.3d at 1349–50. We held that "a subsequent final adjudication of a claim which is identical to a pending claim that had not been finally adjudicated terminates the pending status of the earlier claim." *Id.* at 1351. We reasoned that the "notice given that the later claim has been disallowed informs the veteran that his claim for service connection has failed," and "[t]his notice affords the veteran the opportunity for appeal to the [Board], and if necessary to the Veterans Court and this court." *Id.*

Although *Williams* did not concern finality in the context of § 3.156(b), there is no reason to limit *Williams* to cases involving notice errors, and our cases have not limited *Williams* in such a way. *See Charles v. Shinseki*, 587 F.3d 1318, 1323 (Fed. Cir. 2009) (holding that in the context of § 3.156(b), an original claim that remains unadjudicated as a result of evidence submitted within one year of the original claim is not rendered final as a result of an identical later-filed abandoned claim because, unlike in *Williams*, the later-filed abandoned claim has not been adjudicated on the merits); *see also Jones v. Shinseki*, 619 F.3d 1368, 1373 (Fed. Cir. 2010) (It is a "logical extension of *Williams*" that "[i]f a veteran has a claim pending in appellate status" due to the VA's failure to issue a statement of the case, then "a decision by the Board denying a subsequent identical claim effectively

informs him that the earlier claim also has been disallowed by the Board on appeal.").

In *Bond*, decided three years after *Williams*, we held that the VA was required to determine if a submission filed during the appeal period under § 3.156(b) constituted new and material evidence relating to a pending claim, even if that submission is also treated as an increased rating claim. 659 F.3d at 1367–68. We recognized that "[b]ecause § 3.156(b) requires that the VA treat new and material evidence as if it was filed in connection with the pending claim, the VA must assess any evidence submitted during the relevant period and make a determination as to whether it constitutes new and material evidence relating to the old claim." *Id.* at 1367. We declined to presume that the VA considered and rejected evidence submitted by the veteran. *Id.* at 1368. But, unlike in *Williams*, *Bond* did not include a later claim whose resolution terminated the initial claim.

I would hold that the Veterans Court thus did not err in concluding that, under *Williams*, any pending, unadjudicated claim is terminated by a subsequent adjudication on the merits of the same claim. The panel majority incorrectly holds that *Bond* "controls the outcome of this case." *Maj. Op.* at 6–8. *Bond* undisputedly requires that the VA make a determination with respect to evidence under § 3.156(b), but nowhere does *Bond* either explicitly or implicitly carve out an exception to *Williams* for § 3.156(b). *Bond* does not involve a second claim that terminated an initial claim, and the final adjudication of an identical second claim is central to the finality holding in *Williams*. In *Bond*, we declined to presume that the VA considered and rejected evidence submitted by the veteran, 659 F.3d at 1368, but that presumption can be applied in cases in which there is a subsequent final adjudication of an *identical* second claim. That second claim gives the veteran the opportunity to raise the issue of evidence that was not previously considered.

The majority expresses the concern that affirming the Veterans Court would allow the VA to effectively disregard the requirement of § 3.156(b). *Maj. Op.* at 8. That concern, however, is misplaced. First, as previously noted, the veteran has the opportunity to have a second identical claim adjudicated. Second, we have previously held that an alleged failure, in a final decision, to address all matters before the VA or to apply all applicable laws does not prevent the adjudication from becoming final. *See Bingham v. Nicholson*, 421 F.3d 1346, 1349 (Fed. Cir. 2005) (holding that the Board's failure to consider presumptive eligibility in an earlier adjudication of a claim did not vitiate the finality of that earlier decision). Instead, the VA's failure to consider all aspects of a claim "'is properly challenged through a [clear and unmistakable error] motion.'" *Id.* (quoting *Andrews v. Nicholson*, 421 F.3d 1278, 1281 (Fed. Cir. 2005)); *see also* 38 U.S.C. § 7111(a) (providing for revision of final decisions based upon clear and unmistakable error).

Reversing here has the potential to reopen determinations that were closed by final decisions that were adjudicated on the merits. Thus, for the foregoing reasons, I respectfully dissent from the panel majority's decision reversing the decision of the Veterans Court.