# United States Court of Appeals for the Federal Circuit

---

**ANNETTE R. DEAL,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2214

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6401, Judge Michael P. Allen.

---

Decided: June 27, 2025

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by TANYA KOENIG, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before DYK, REYNA, and STARK, *Circuit Judges*.

REYNA, *Circuit Judge.*

Annette R. Deal appeals a final decision of the United States Court of Appeals for Veterans Claims denying her an earlier effective date for her service-connected psychiatric disorder. We affirm.

## BACKGROUND

Mrs. Deal served in the United States Navy from 1977 to 1981, and in the United States Army from 1983 to 1984. J.A. 2. On October 18, 1991, Mrs. Deal filed a claim for compensation for Cushing's syndrome and a nervous condition ("1991 Claim"). J.A. 17. In a July 1992 rating decision, a regional office ("RO") of the Department of Veterans Affairs ("VA") denied Mrs. Deal's claim for lack of service connection. J.A. 18. Within the appeal period for the July 1992 rating decision, Mrs. Deal received treatment for her disorder, which resulted in a 1993 medical record or records being associated with Mrs. Deal's claim file ("1993 Record"). J.A. 19; J.A. 116–17. The VA did not explicitly address whether the 1993 Record met the requirements of 38 C.F.R. § 3.156(b) to be treated as having been filed in connection with her 1991 Claim until almost thirty years later, in a June 2021 Board of Veterans' Appeals ("Board") decision.[1]  J.A. 116–17. Mrs. Deal did not appeal the July 1992 rating decision. J.A. 108.

On March 10, 1995, Mrs. Deal filed another claim for compensation for Cushing's syndrome and psychiatric impairments ("1995 Claim"). J.A. 26–30. The RO eventually granted Mrs. Deal's 1995 Claim for service connection for

---

[1]    The government contends that in 1996, the VA implicitly determined that the 1993 Record did not meet the requirements of § 3.156(b). Appellee Br. 21–23. We need not reach this contention, nor Mrs. Deal's argument that the government's contention is unreviewable, Appellant Reply Br. 5 n.1, given our resolution of this appeal.

Cushing's syndrome with an effective date of March 10, 1995, but did not grant service connection for psychiatric conditions.  J.A. 35.

On August 1, 2003, Mrs. Deal filed a third claim for service-connected depression and anxiety secondary to her Cushing's syndrome ("2003 Claim").  J.A. 116.  This claim led to a March 2016 Board decision granting service connection for a condition it characterized as Mrs. Deal's psychiatric disorder.  J.A. 41.  As a result of the Board's March 2016 decision, the RO assigned Mrs. Deal's psychiatric disorder an effective date of August 1, 2003.  J.A. 62–63.  The effect of the Board's March 2016 decision is central to Mrs. Deal's argument on appeal.

Mrs. Deal appealed the RO's effective date determination for her psychiatric disorder to the Board, arguing that she was entitled to an effective date of October 1991, or, in the alternative, March 10, 1995.  J.A. 65–66; J.A. 74–79.  Mrs. Deal asserted that she was entitled to an earlier effective date because her 1991 and 1995 Claims remained open at the time she was granted benefits in March of 2016.  J.A. 74–75.  She argued that her claims remained open because the VA had failed to address whether certain new evidence that she submitted within the relevant appeal period for her 1991 and 1995 Claims, including the 1993 Record, met the requirements of § 3.156(b).  *Id.*  On June 1, 2021, the Board granted Mrs. Deal's request for an effective date of March 10, 1995, ruling that Mrs. Deal timely presented new and material evidence in 1997 of a psychiatric disorder and the VA needed to treat this evidence as having been filed in connection with her 1995 Claim under § 3.156(b).  J.A. 117–18.  The Board denied Mrs. Deal's request for an effective date of October 1991, ruling that the alleged new and material evidence relating to her 1991 Claim, i.e., the 1993 Record, was new evidence, but not material.  J.A. 116–17.  Accordingly, the Board ruled that § 3.156(b) did not apply to the 1993 Record and thus the July 1992 rating decision was final.  *Id.*

Mrs. Deal appealed the Board's June 1, 2021 decision to the United States Court of Appeals for Veterans Claims ("Veterans Court"). Mrs. Deal argued that the Board erred in ruling that the 1993 Record was not material. J.A. 159–66. In the alternative, Mrs. Deal argued that regardless of whether the 1993 Record was material, the VA had not yet addressed the 1993 Record at the time of the Board's March 2016 decision granting her benefits. J.A. 166–72. According to Mrs. Deal, under § 3.156(b), her 1991 Claim remained open in March 2016, such that the Board's March 2016 decision adjudicated her 1991 Claim, not only her later claims. *Id.* On February 21, 2023, the Veterans Court affirmed the Board's grant of the March 10, 1995 effective date, finding that a plausible basis supported the Board's ruling that the 1993 Record was not material and thus the July 1992 rating decision was final. J.A. 4–5. The Veterans Court rejected Mrs. Deal's alternative argument, stating that it was "perplexed" by this argument, which it described as a "rather strange theory." J.A. 5.

Mrs. Deal appeals the Veterans Court's denial of her alternative argument about the correct interpretation of § 3.156(b). We have jurisdiction under 38 U.S.C. § 7292.

## STANDARD OF REVIEW

Our jurisdiction to review a decision of the Veterans Court is limited. We review the validity of a Veterans Court decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof" that the Veterans Court relied on in making its decision. 38 U.S.C. § 7292(a). Additionally, this court may not, unless a constitutional challenge is presented, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

## DISCUSSION

Mrs. Deal raises a legal challenge to the Veterans Court's interpretation of 38 C.F.R. § 3.156(b) and our decisions in *Bond v. Shinseki*, 659 F.3d 1362 (Fed. Cir. 2011), and *Beraud v. McDonald*, 766 F.3d 1402 (Fed. Cir. 2014).[2] We first review the legal authorities that Mrs. Deal relies on.

In relevant part, § 3.156(b) states that "[n]ew and material evidence received prior to the expiration of the appeal period . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." § 3.156(b). Our decisions in *Bond* and *Beraud* explain that § 3.156(b) requires the VA to assess whether "any evidence submitted during the relevant period . . . constitutes new and material evidence relating to the old claim." *Bond*, 659 F.3d at 1367; *Beraud*, 766 F.3d at 1405, 1407. Notably, in *Beraud*, we stated that until the VA assesses such evidence, "the claim at issue remains open." *Beraud*, 766 F.3d at 1407.

Mrs. Deal argues that the Board did not address whether the 1993 Record was new and material evidence in connection with her 1991 Claim until June 2021. Thus, according to Mrs. Deal, under § 3.156(b) and our precedent, her 1991 Claim remained open when the Board granted her service connection in March 2016 for her psychiatric disorder. As such, she contends the Board's March 2016 decision adjudicated her open 1991 Claim, not only her later claims, and thus the VA should have considered whether to use the date of application of her 1991 Claim, i.e., October 18, 1991, as the effective date for her service-connected psychiatric disorder.

---

[2]     Mrs. Deal does not challenge the Veterans Court's ruling on the materiality of the 1993 Record. Appellant Reply Br. 1–4.

The government responds that the VA's delay in addressing whether evidence submitted during the appeal period of a prior claim is new and material under § 3.156(b) does not automatically entitle the claimant to the benefit of an earlier date of application for purposes of determining an effective date. Appellee Br. 19. Instead, the claimant may only be entitled to an earlier effective date if, on remand, the VA determines that the proffered evidence is new and material and reconsiders the prior claim accordingly. *Id.* at 18–20. We agree with the government.

We must look to the language of the pertinent regulation, which states: "New and material evidence received prior to the expiration of the appeal period . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." § 3.156(b). On its face, the regulation does not speak to the consequences of the VA's failure to address whether evidence is new and material prior to a grant of benefits. The regulation does, however, state that the precondition for evidence to be considered "as having been filed in connection with the [prior] claim" is that the evidence must be "[n]ew and material[.]" *Id.*

We turn next to our decisions in *Bond* and *Beraud*. In *Bond*, this court held that § 3.156(b) requires the VA to "assess any evidence submitted during the relevant period and make a determination as to whether it constitutes new and material evidence relating to the old claim." *Bond*, 659 F.3d at 1367. There, the VA had not yet met this obligation, so we remanded the matter "for a determination as to whether [the claimant's submission] contain[ed] new and material evidence relating to his [prior] claim." *Id.* at 1368–69 (citation omitted). Similarly, in *Beraud*, we "reaffirm[ed] that, under § 3.156(b), the VA must provide a determination that is directly responsive to the new submission and that, until it does so, the claim at issue remains open." *Beraud*, 766 F.3d at 1407. Again, the VA had

not yet met its obligation, so we remanded the matter.  *Id.* at 1403, 1407.

Neither *Bond* nor *Beraud* support Mrs. Deal's position. *Bond* and *Beraud* recognize that § 3.156(b) requires the VA to provide a responsive determination to evidence submitted during the relevant period.  *Bond*, 659 F.3d at 1367–68; *Beraud*, 766 F.3d at 1407.  Neither case provides that if the VA grants benefits for a subsequent claim before it fulfills its obligation to provide a responsive determination for a prior related claim, then the VA must consider whether to apply the date of application of the prior related claim when determining the effective date of the intervening grant of benefits.  Instead, both *Bond* and *Beraud* recognize that if the VA has not yet met its obligation to provide a responsive determination, the proper course of action is for the reviewing tribunal to remand for the VA to make such a determination.  *Bond*, 659 F.3d at 1368–69; *Beraud*, 766 F.3d at 1407.  Put differently, a claim awaiting a responsive determination under § 3.156(b) remains "open" for the limited purpose of requiring the VA to make the responsive determination.

Once the VA makes a responsive determination, one of two things may happen.  If the VA decides that a submission presents new and material evidence, then § 3.156(b) requires the VA to treat the new evidence "as having been filed in connection with the [prior] claim[.]"  § 3.156(b).  If the VA decides that the submission at issue does *not* meet the new and material evidence requirements of § 3.156(b), then the evidence should not be treated "as having been filed in connection with the [prior] claim[.]"[3]  *Id.*  As such, while the claimant in the first scenario may be entitled to

---

[3]    This is precisely what occurred in the present case. The Veterans Court affirmed the Board's ruling on remand that the 1993 Record was not material, J.A. 4–5, a ruling that Mrs. Deal does not challenge before this court.

an effective date corresponding to the date of application of its prior claim, the claimant in the second scenario would not be.  This is true regardless of whether the VA fails to make its responsive determination prior to granting benefits.    To  hold  otherwise  would  render  meaningless § 3.156(b)'s requirement that evidence must be deemed new and material for the regulation to be applicable.

## CONCLUSION

We have considered Mrs. Deal's remaining arguments and find them unpersuasive.  For the reasons stated, we affirm.

## **AFFIRMED**

### COSTS

No costs.