NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK BRUNETTE,**

*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTING SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-2534

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3377, Judge Mary J. Schoelen.

---

Decided: July 17, 2018

---

EDWARD AUSTIN ZIMMERMAN, Military & Veterans National Law Center, Burnsville, MN, for claimant-appellant.

JOSEPH ASHMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER.

---

Before PROST, *Chief Judge,* MOORE and REYNA, *Circuit Judges.*

PER CURIAM.

Patrick Brunette appeals the U.S. Court of Appeals for Veterans Claims' determination that various claims remanded by the Board of Veterans' Appeals to the regional office ("RO") were not before it, and its affirmance of the Board's denial of an earlier effective date for the award of service connection for depression. Because the Veterans Court did not err in its determinations, we *affirm*.

## BACKGROUND

Mr. Brunette served in the United States Army from March 1979 to March 1982, when he was medically discharged from service due to a back condition. In April 1982, he applied for disability compensation for spondylolisthesis, a back condition. The RO denied the claim in May 1982, finding spondylolisthesis was not a disability under the law. Mr. Brunette did not appeal, but in August 2004 he requested the Department of Veterans Affairs reopen his claim, arguing the May 1982 rating decision was the product of clear and unmistakable error ("CUE"). In 2006, the RO awarded Mr. Brunette service connection for spondylolisthesis, and in May 2012, the Board determined that the May 1982 rating decision was the result of CUE, finding additional service records that were not before the adjudicators would have compelled a manifestly different outcome. The Board further determined that 38 C.F.R. § 3.156(c), which provides for the reconsideration of a claim, applied because at the time of the denial, the VA had received relevant service department records that had not been associated with the claims file. In November 2012, the RO granted a 10% disability rating for Mr. Brunette's back condition effective March

25, 1982, and a 20% disability rating effective August 13, 2004.

On March 4, 2008, Mr. Brunette submitted a new claim for depression secondary to his back condition. Following a VA examination, he was diagnosed with a depressive disorder. In June 2008, the RO granted service connection for depression and assigned a 30% disability rating effective March 4, 2008, which on review was increased to 50%.

In November 2012, the RO continued the 50% disability rating for depression and denied an earlier effective date. Mr. Brunette filed a notice of disagreement asserting his depression should be rated at 70% effective March 24, 1982. The RO awarded an increased disability rating of 70% effective March 26, 2014.

In May 2015, the Board denied Mr. Brunette an earlier effective date for depression. It determined the June 2008 decision of the RO setting the effective date had become final. It determined there was no CUE in the May 1982 rating decision because there was no communication in 1982 that might be construed as a claim for benefits for a psychiatric disability. The Board remanded on the issues of: (1) entitlement to an increased rating for depression; (2) entitlement to a higher initial rating for spondylolisthesis; (3) entitlement to a total disability rating based upon individual unemployability; and (4) special monthly compensation by reason of being housebound.

Mr. Brunette appealed to the Veterans Court. The Veterans Court determined that the issues on which the Board remanded were not before the Court and that Mr. Brunette was not entitled to a 1982 effective date for depression. Mr. Brunette timely appealed. We have jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited to "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We review such legal determinations de novo. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002). We may not review the Veterans Court's factual findings or its application of law to facts, absent a constitutional issue. *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011).

We hold that the Veterans Court did not err in dismissing the appeal as to the claims that the Board had remanded for further development. Although Mr. Brunette argues the Veterans Court may not remand under 38 U.S.C. § 7261, we see nothing in that section that prevents the Board from remanding a case to an RO for further development of the record. *See* 38 C.F.R. § 19.9 ("If further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision, a Veterans Law Judge or panel of Veterans Law Judges shall remand the case to the agency of original jurisdiction, specifying the action to be undertaken.").

The Veterans Court also did not err in affirming the Board's decision denying Mr. Brunette an effective date earlier than March 4, 2008, for service connection for depression. Mr. Brunette argues the Veterans Court erroneously concluded that the Board's failure to apply 35 C.F.R. § 3.156(c) to his depression claim constituted harmless error. He argues § 3.156(c) applies because at the time of the May 1982 denial of the claim, the VA had received service department records related to his lower back claim but had not considered those records. According to Mr. Brunette, § 3.156(c) requires that the entire

1982 rating proceeding be reopened. He asserts that if this is done, the VA must accept his testimony and that of his friends and family regarding his symptoms of depression in 1982.

Section 3.156(c) provides for the reconsideration of a "claim." 35 C.F.R. § 3.156(c)(1). A secondary service connection is not necessarily part of the primary claim for service connection. *Manzanares v. Shulkin*, 863 F.3d 1374, 1377–78 (Fed. Cir. 2017). Mr. Brunette concedes that his 1982 claim was for spondylolisthesis and did not include a claim for depression. Pursuant to § 3.156(c), the Board's May 2012 determination directing the reconsideration of Mr. Brunette's spondylolisthesis claim does not, therefore, allow for introduction of evidence related to his secondary claim for depression.

We have considered Mr. Brunette's remaining arguments and find them unpersuasive. We note that Mr. Brunette expressly disavowed a claim based on CUE.

## CONCLUSION

For the foregoing reasons, the decision of the Veterans Court is *affirmed*.

## AFFIRMED

## COSTS

No costs.