NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES B. JORDAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1811

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5684, Judge Michael P. Allen.

---

Decided:  July 13, 2022

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, JR., LOREN MISHA PREHEIM; Y. KEN LEE, SAMANTHA ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, TARANTO, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

James B. Jordan appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of an effective date earlier than April 11, 2006, for his secondary service-connected right-knee disability. *Jordan v. Wilkie*, No. 19-5684, 2021 WL 19031, at *1–3 (Vet. App. Jan. 4, 2021). Because 38 C.F.R. § 3.156(b) does not control the effective date of Mr. Jordan's secondary service-connected disability and the Veterans Court did not improperly place the burden of demonstrating prejudice on Mr. Jordan, we *affirm*.

## I. BACKGROUND

The VA granted Mr. Jordan service connection for two right-knee conditions that were secondary to his service-connected left-knee condition,[1] with an effective date of April 11, 2006. JA 144–47. Mr. Jordan appealed to the Board and argued § 3.156(b) entitled him to an effective date of February 23, 2005, the date when he initially sought to increase the rating of his left-knee condition. JA 207. Section 3.156(b) requires that "[n]ew and material evidence received . . . will be considered as *having been*

---

[1]    "[D]isability which is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition." 38 C.F.R. § 3.310(a); *see also Manzanares v. Shulkin*, 863 F.3d 1374, 1379 (Fed. Cir. 2017) ("[Section] 3.310(a) does not make a claim for secondary service connection part of the primary service connection claim.").

*filed in connection with* the claim which was pending at the beginning of the appeal period." 38 C.F.R. § 3.156(b) (emphasis added). The Board disagreed with Mr. Jordan's argument for an earlier effective date, finding the record did not show "any communication pre-dating April 11, 2006, that could be considered an informal or formal claim for service connection for any right knee conditions." *Jordan*, 2021 WL 19031, at *1. Mr. Jordan appealed and argued the Board erred because it did not specifically discuss § 3.156(b). *Id.* at *3. The Veterans Court rejected this argument because Mr. Jordan "failed to demonstrate that § 3.156(b) applies to this matter or that the Board's failure to address § 3.156(b) was prejudicial." *Id.* at *4.

## II. DISCUSSION

On appeal, Mr. Jordan argues the Veterans Court (1) used the wrong legal standard in evaluating prejudicial error because it "imposed the burden on him to demonstrate how the error made by the Board was prejudicial," and (2) misinterpreted the legal standards governing § 3.156(b). Appellant's Br. at 15, 18–20. In turn, the government argues that we lack jurisdiction because we cannot review the "application of the harmless-error rule" and because the Veterans Court's decision "did not interpret" § 3.156(b) and only applied established law to the facts of this case. Appellee's Br. at 26–28. To the extent we reach the merits, the government argues the Veterans Court applied the correct legal standards in taking due account of the prejudicial error rule and interpreting the applicability of § 3.156(b). *Id.* at 15, 33. We address each argument in turn.

### A. Jurisdiction

We begin by addressing whether we have jurisdiction to review Mr. Jordan's appeal. Generally, on appeal from the Veterans Court, we have jurisdiction to review relevant questions of law. 38 U.S.C. § 7292(d)(1). Nonetheless, jurisdiction is not the panacea the government believes it to

be. We have repeatedly rejected the government's "overly broad" rule that precludes *any* review of the Veterans Court's prejudicial error determinations. *Tadlock v. McDonough*, 5 F.4th 1327, 1332–33 (Fed. Cir. 2021); *see also Slaughter v. McDonough*, 29 F.4th 1351, 1354–55 (Fed. Cir. 2022) ("We have expressly rejected the proposition that we lack any jurisdiction to review the Veterans Court's prejudicial error determinations."); *Simmons v. Wilkie*, 964 F.3d 1381, 1386 (Fed. Cir. 2020) (examining whether Veterans Court should have used "per se rule of prejudice" in prejudicial error analysis). Similarly, we have rejected the government's argument that the Veterans Court "did not interpret" a statute or regulation where the Veterans Court decided that statute or regulation does not apply. *See, e.g.*, *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) ("[T]o the extent that the appellant appears to disagree with the Veterans Court's finding that § 103(d)(3) does not operate to restore benefits forfeited under § 6103(a), she raises a question regarding the interpretation of a statute over which this court has jurisdiction."); *see also Manzanares*, 863 F.3d at 1376 (finding jurisdiction to consider whether 38 C.F.R. §§ 3.310(a) and 3.156(b) controlled effective date of secondary service-connected condition).

Here, Mr. Jordan does not challenge a factual finding but instead disputes whether the Veterans Court used the correct legal standards. Appellant's Br. at 15, 18–20. Thus, we have jurisdiction.

B. Section 3.156(b) and the Prejudicial Error Rule

Turning to the merits, we address § 3.156(b)'s applicability to the effective date of Mr. Jordan's secondary service-connected condition and the legal standards governing the prejudicial error rule. First, we agree with the Veterans Court that § 3.156(b) does not control the effective date of Mr. Jordan's secondary service-connected condition. *Jordan*, 2021 WL 19031, at *3–4 ("[S]econdary claims are

not derivative of primary claims for effective-date purposes. Accordingly, appellant has failed to demonstrate that § 3.156(b) applies to this matter[.]"). We rejected a similar argument in *Manzanares*, where we held that § 3.156(b) does not require the VA to treat a claim for a secondary service-connected condition "as having been filed" on the same date as a primary service-connected condition for effective-date purposes. 863 F.3d at 1376–79. Indeed, at oral argument, Mr. Jordan's counsel conceded that "secondary claims are not derivative of primary claims for effective-date purposes" and that "[§] 3.156(b) is not an effective-date regulation." Oral Arg. at 9:32–10:28, *available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1811_04042022.mp3.

Mr. Jordan also argues that our decisions in *Bond v. Shinseki*, 659 F.3d 1362, 1367 (Fed. Cir. 2011), and *Beraud v. McDonald*, 766 F.3d 1402, 1407 (Fed. Cir. 2014), required the Board to make explicit findings as to § 3.156(b), such that it erred when it "failed to address the applicability of § 3.156(b) to determine the proper effective dates." Appellant's Br. at 18–21. We disagree. In *Manzanares*, we explicitly rejected that *Bond* and *Beraud* required a different outcome because "[n]either case dealt with secondary service connection, much less suggested that secondary service connection is part of a primary benefits claim." 863 F.3d at 1379. *Bond* holds that to comply with § 3.156(b), "the VA must evaluate submissions received during the relevant period and determine whether they contain new evidence relevant to a pending claim, whether or not the relevant submission might otherwise support a new claim." 659 F.3d at 1369. *Beraud* held that it was error for the VA not to consider whether evidence submitted during the appeal period was "new and material evidence, as required by § 3.156(b)." 766 F.3d at 1407. Neither case suggests § 3.156(b) requires that Mr. Jordan's claim for service-connection of his secondary right-knee disability must have the same effective date as his primary left-knee disability.

*Manzanares*, 863 F.3d at 1379.  Because § 3.156(b) has no bearing on the effective date of Mr. Jordan's secondary right-knee disability, the Board did not err in not discussing it.  *See Dye v. Mansfield*, 504 F.3d 1289, 1292 (Fed. Cir. 2007) ("The Veterans Court correctly held that, in these circumstances, the two presumptions Dye invoked were irrelevant, and the Board therefore properly declined to discuss them.").

Second, even if we believed the Board's omission constituted error—which we do not—we reject Mr. Jordan's argument that the Veterans Court improperly placed the burden on him, the appellant, to demonstrate that error was prejudicial.  Appellant's Br. at 15.  As explained in *Shinseki v. Sanders*, there is no error in placing the burden of establishing prejudice on the claimant.  556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").  Here, that party is Mr. Jordan.  The Veterans Court did not simply find the alleged "error" to be harmless by resting on its conclusion that Mr. Jordan "failed to demonstrate . . . that the Board's failure to address § 3.156(b) was prejudicial." *Jordan*, 2021 WL 19031, at *4.  Rather, it came to that conclusion after performing a "case-specific" analysis into the applicability of § 3.156(b).  *See Sanders*, 556 U.S. at 407, 411.  We see no error.

### III. CONCLUSION

We have reviewed Mr. Jordan's other arguments and find them unpersuasive.  For the above reasons, we *affirm*.

**AFFIRMED**