# United States Court of Appeals for the Federal Circuit

---

**GERRY E. GUDINAS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2171

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2640, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge William S. Greenberg.

---

Decided: December 2, 2022

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; Y. KEN LEE, DEREK SCADDEN, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before STOLL, BRYSON, and CUNNINGHAM, *Circuit Judges*.

BRYSON, *Circuit Judge*.

Appellant Gerry Gudinas was awarded a 50 percent disability rating for his service-connected post-traumatic stress disorder ("PTSD") in 2005. In 2015, Mr. Gudinas filed a claim to increase his PTSD rating, and the Department of Veterans Affairs ("DVA") determined that he was entitled to a 100 percent rating for PTSD. Mr. Gudinas challenges the DVA's determination of the effective date for his 100 percent rating, arguing that his 2015 submission regarding PTSD constituted new and material evidence regarding a 2014 claim he made for sleep apnea. For the reasons set forth below, we affirm.

I

Mr. Gudinas served in the United States Army from October 1966 to October 1968. In September 2005, the DVA determined that Mr. Gudinas suffered from service-connected PTSD and awarded him a 50 percent disability rating for that condition. The DVA also awarded Mr. Gudinas a 10 percent disability rating for service-connected tinnitus. On May 30, 2014, Mr. Gudinas filed a claim for service-connected sleep apnea. The DVA denied that claim in an August 2014 rating decision. Mr. Gudinas timely filed a notice of disagreement with the August 2014 rating decision for sleep apnea.

On October 26, 2015, counsel for Mr. Gudinas sent a letter to the DVA indicating that Mr. Gudinas was "currently pursuing a claim for service connection for sleep apnea as secondary to his service-connected PTSD." J.A. 49. Along with that letter, Mr. Gudinas sent a form requesting increased compensation for total disability based on

individual unemployability ("TDIU") and a supplemental claim to increase his disability rating for PTSD. The DVA denied Mr. Gudinas's TDIU claim but increased his PTSD disability rating to 100 percent. The DVA determined that Mr. Gudinas was entitled to an effective date of October 26, 2015, for his increased rating.

In November 2016, Mr. Gudinas submitted a notice of disagreement regarding the effective date for his 100-percent rating for PTSD. He argued that under the pertinent DVA regulation, 38 C.F.R. § 3.156(b), he was entitled to an effective date of May 30, 2014, because his October 2015 submission constituted new and material evidence relating to his May 2014 claim for sleep apnea. The DVA denied entitlement to an earlier effective date. Mr. Gudinas appealed that denial to the Board of Veterans' Appeals.

The Board rejected Mr. Gudinas's contention that he was entitled to an earlier effective date for his 100-percent PTSD rating on the ground that his May 30, 2014, claim for sleep apnea was not related to his PTSD claim. The Board noted that Mr. Gudinas's May 2014 claim did "not mention a psychiatric disability," such as PTSD, and that the claim "contained no mention of or indication that [Mr. Gudinas] intended to file a claim for an increase in the PTSD rating." J.A. 132. Accordingly, the Board held that the correct effective date for Mr. Gudinas's 100 percent PTSD rating was October 26, 2015, the date of the request for an increase in his PTSD rating.

Mr. Gudinas appealed the Board's decision to the United States Court of Appeals for Veterans Claims ("the Veterans Court"). In that appeal, Mr. Gudinas argued that the Board erred by failing to address whether the October 2015 submissions constituted new and material evidence relating to the May 2014 claim. The Veterans Court began by assuming that Mr. Gudinas's sleep apnea claim could be construed as a claim for secondary service connection to his PTSD. The court nevertheless affirmed the Board's

decision because "[t]he law is clear that claims for secondary service connection are not claims for increased compensation and are not part and parcel of a claim for increased compensation for the primary condition." *Gudinas v. McDonough*, 34 Vet. App. 25, 37 (2021). The court added that "the Board essentially considered whether § 3.156(b) was triggered when it determined the nature of the May 2014 claim," and determined that section 3.156(b) was not triggered. *Id.* Mr. Gudinas appealed to this court.

## II

We must affirm the decision of the Veterans Court unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Our review is limited to challenges to the "validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may only review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" if the appeal presents a constitutional issue. *Id.* § 7292(d)(2).

## A

We begin by addressing our jurisdiction. The government argues that we do not have jurisdiction over this case because the Veterans Court merely applied well-established law to the facts of Mr. Gudinas's case. We disagree. Mr. Gudinas's appeal hinges on an interpretation of 38 C.F.R. § 3.156(b). Mr. Gudinas's interpretation of the regulation, although broad, would entitle him to relief in this case if we were to accept it. Because the appeal presents a challenge to the DVA's interpretation of section 3.156(b), we have the statutory authority and obligation to exercise

jurisdiction over Mr. Gudinas's appeal.   *See* 38 U.S.C. § 7292(c).

### B

Section 3.156(b) of the DVA's regulations provides as follows:

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed . . . , will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(b).

Mr. Gudinas argues that section 3.156(b) requires the DVA to expressly assess whether a claim presents new and material evidence relating to a prior claim that was filed within the time limits described in the regulation, even if those two claims have no apparent relationship.  In Mr. Gudinas's view, because no such express assessment occurred here, we should remand this case to the Board to make that determination in the first instance.  We reject that broad reading of section 3.156(b).

This case is similar to our decision in *Manzanares v. Shulkin*, 863 F.3d 1374 (Fed. Cir. 2017), in several respects.  In *Manzanares*, the veteran filed a claim to increase the disability rating for her service-connected ankle condition, and the DVA awarded an increased rating for that condition.  *Id.* at 1375.  During the appeal period for the DVA's decision, the veteran filed a claim for a back condition, which she asserted was secondary to her ankle condition.  *Id.*   The veteran argued that section 3.156(b) required that her back condition be treated as "new and material evidence" regarding her ankle condition, and that the two claims should therefore be given the same effective date.

In *Manzanares*, the veteran also relied on 38 C.F.R. § 3.310(a), which provides that "[w]hen service connection is established for a secondary condition, the secondary condition shall be considered a part of the original condition." The *Manzanares* court, however, noted that section 3.310(a) "does not mean that primary and secondary conditions receive the same effective date." *Manzanares*, 863 F.3d at 1377 (citing *Ellington v. Peake*, 541 F.3d 1364, 1365–70 (Fed. Cir. 2008)). The court therefore held that the Veterans Court did not err in awarding a later effective date for the veteran's claim for her back condition. *Id.* at 1379.

*Manzanares* makes clear that it was not error for the Board to treat Mr. Gudinas's claim for sleep apnea and his claim for an increased PTSD rating as separate claims for purposes of determining the claims' effective dates. Mr. Gudinas, however, contends that *Manzanares* does not govern this case, because the *Manzanares* court did not address section 3.156(b) and because the court did not address the relationship between the terms "claim" and "benefit" in 38 C.F.R. § 20.3.

With respect to section 3.156(b), Mr. Gudinas argues that his position is supported by our decisions in *Bond v. Shinseki*, 659 F.3d 1362 (Fed. Cir. 2011), and *Beraud v. McDonald*, 766 F.3d 1402 (Fed. Cir. 2014). In *Bond*, we held that the DVA should have determined whether a claim for an increased rating for PTSD constituted new and material evidence relating to an earlier claim for PTSD. *Bond*, 659 F.3d at 1363, 1368–69. In *Beraud*, we held that the DVA should have determined whether medical records submitted regarding a headache condition were new and material evidence relating to an earlier claim for the same headache condition. *Beraud*, 766 F.3d at 1403, 1407. As we observed in *Manzanares*, both of those cases deal with a new claim relating to the same condition as that described in the earlier claim. *See Manzanares*, 863 F.3d at 1379. In this case, on the other hand, the new claim relates

to a different condition (PTSD) from that of the earlier claim (sleep apnea).

Furthermore, in a recent non-precedential opinion, we held that *Bond* and *Beraud* do not "require[] the Board to make explicit findings as to § 3.156(b)" when determining the effective date for a claim of secondary service connection. *Jordan v. McDonough*, No. 2021-1811, 2022 WL 2712506, at *2 (Fed. Cir. July 13, 2022). We agree with the court in *Jordan* that the Board need not explicitly determine whether a claim constitutes "new and material evidence" relating to a previous claim when the two claims are separate for effective-date purposes and the conditions underlying the claims have no apparent connection to one another. That is the case here: The Board made a factual finding that Mr. Gudinas's May 2014 claim did not mention a psychiatric disability or reflect an intent to file for an increased disability rating for PTSD, and Mr. Gudinas did not raise a challenge to that finding in the Veterans Court. *See Gudinas*, 34 Vet. App. at 32 n.5. That finding is binding on us.

With respect to the regulatory definitions of "claim" and "benefit," Mr. Gudinas argues that those definitions require that his claim for an increased PTSD rating be considered as part of the same "claim" as his sleep apnea claim. Section 20.3(f) defines "claim" as "a written communication requesting a determination of entitlement . . . to a specific benefit under the laws administered by the [DVA]." 38 C.F.R. § 20.3(f). Section 20.3(e) defines "benefit" as "any payment . . . , entitlement to which is determined under laws administered by the [DVA] pertaining to veterans and their dependents and survivors." *Id.* § 20.3(e).

Mr. Gudinas argues that his sleep apnea claim should be treated as secondary to his PTSD claim. If it were treated as such, he contends that the two separate claims would represent a single "claim" for purposes of section 20.3(f) because they are both seeking the same "specific

benefit": an increase in service-connected compensation. However, the definitions of "claim" and "benefit" do not suggest that a claim regarding a secondary condition should be treated as the same claim as a claim regarding a primary condition simply because they both seek additional compensation. *See also Manzanares*, 863 F.3d at 1378 ("[T]here is nothing in the definition of 'claim' in 38 C.F.R. § 20.3(f) that suggests it includes secondary conditions or that it carves out a separate rule for secondary service connection.").

Moreover, adopting Mr. Gudinas's arguments regarding section 20.3 would run afoul of our holding in *Ellington*. In that case, we reasoned that 38 C.F.R. § 3.310(a) does not require that a claim for secondary service connection be given the same effective date as an earlier claim for the related primary condition, because "secondary conditions may not arise until years after the onset of the original condition." *Ellington*, 541 F.3d at 1369. Under Mr. Gudinas's reading of the regulations, a secondary condition that arises after the filing of an original claim would be entitled to an earlier effective date than the date the condition arose if the appeal relating to the primary condition were still pending. Such a result would be inconsistent with the reasoning underlying our holding in *Ellington*. Accordingly, we decline to adopt Mr. Gudinas's reading of the definitions in section 20.3(e).

At bottom, even if Mr. Gudinas's claim for sleep apnea were considered secondary to his PTSD claim, the two claims would not need to be treated as the same claim for purposes of determining their effective dates. And the Board is not required to explicitly determine whether a submission constitutes "new and material evidence" where, as here, the conditions underlying the two claims have no apparent connection. Accordingly, we uphold the decision of the Veterans Court that Mr. Gudinas is entitled to an effective date of October 26, 2015, for his 100 percent

GUDINAS v. MCDONOUGH 9

disability rating for PTSD, not an effective date of May 30, 2014.

No costs.

**AFFIRMED**